UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 6/3/96**

SHERMAN SURFACE,

      Petitioner - Appellant,

vs.

                                No. 95-6052

LEROY L. YOUNG, Warden;        (D.C. No. Civ-92-631-A)

ATTORNEY GENERAL OF THE     (W.D. Okla.)

STATE OF OKLAHOMA,

      Respondents - Appellees.

ORDER AND JUDGMENT[*]

Before PORFILIO, McKAY and KELLY, Circuit Judges.[**]

Mr. Surface, appearing pro se and in forma pauperis, appeals from the dismissal of his habeas petition, 28 U.S.C. § 2254. He alleges that a variety of constitutional violations undermine his state court conviction. Mr. Surface's petition, however, was properly dismissed by the district court based upon the failure to exhaust state remedies.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

In order for a state prisoner to present a federal habeas corpus action to a federal district court, he must first demonstrate that he has exhausted his state court remedies.  See Anderson v. Harless, 459 U.S. 4, 6 (1982); Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993).  Our review of the record indicates that claims presented in Mr. Surface's petition were not properly exhausted in state court.

The district court additionally held that Mr. Surface's claim of delay as to his appeal to the Oklahoma Court of Criminal Appeals is moot.  Subsequent to the filing of this action, Mr. Surface's state appeal was denied.  We need not make a determination regarding this issue, and note that because Mr. Surface's petition contained claims that were not exhausted his petition is at best a mixed petition and thus subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 522 (1982); Harris v. Champion, 48 F.3d 1127, 1133 (10th Cir.  1995)(Harris IV)(petition containing both unexhausted and exhausted claims subject to dismissal as a mixed petition).

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge